**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EDWARD ALEXANDER McEWEN, IV, | : | |
| | : | Civil Action No. 05-2566 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MERCER COUNTY CORRECTIONAL | : | |
| CENTER, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**APPEARANCES:**

Edward Alexander McEwen, IV, <u>Pro Se</u>
Mercer County Correctional Center
#513142
P.O. Box 8068
Trenton, NJ 08650

**COOPER, District Judge**

Plaintiff, Edward Alexander McEwen, IV, who is incarcerated at the Mercer County Correctional Center, Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court now must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims against defendants Longo and Loveless will proceed.  All other claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for seeking monetary relief from immune defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

<u>**BACKGROUND**</u>

The following factual allegations are taken from the complaint and accepted as true for purposes of this review.

Plaintiff states that during the course of his arrest, defendant Kelly Longo, a police officer, pulled out fistfuls of his hair and "assaulted him in the back several times with a solid weapon."  She also kicked him and struck him, and utilized "mace" on him.  He also alleges that defendant officer Loveless used "extreme force" on him, including improperly operating his police vehicle to assault him.  Plaintiff states that he was injured due to these assaults.

Plaintiff further alleges that defendant Detective Ernie Chester falsified police reports and failed to properly investigate his case.  He claims that defendant Coger, a public defender, failed to file appropriate motions in his criminal proceeding.  Plaintiff also names defendant Pereksta, a New

2

Jersey Superior Court judge, alleging that this defendant has not complied with the law in handling his case.

Plaintiff further names as defendants in this action the Trenton Times newspaper, Mercer County Correctional Center and "Crystal James," the Lawrence Township Police Department, as well as a private citizen, Christopher Schoonhoven, for various violations of his civil rights during the course of his arrest and detention.

**DISCUSSION**

**A.   Section 1915 Review**

The Prison Litigation Reform Act ("PLRA") acts to "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  Under 28 U.S.C. § 1915A(b), a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The Court, in determining the sufficiency of a complaint, must construe it liberally in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.  42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  To establish a violation thereunder, a plaintiff must show that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff's Claims Against Defendant Officers Longo and Loveless Will Be Permitted to Proceed**

Liberally construing the instant complaint, Plaintiff claims that defendant Officers Longo and Loveless violated his Fourth Amendment rights by using excessive force against him in the course of an arrest.

4

A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure of a free citizen is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997). The reasonableness inquiry is an objective one:  "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; see Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Tp., 50 F.3d 1186, 1193 (3d Cir. 1995). It "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

The Court will allow all claims against these defendants to proceed past the sua sponte screening stage.  See Alston v. Parker, 363 F.3d 229, 233-34, n.6 (3d Cir. 2004) (plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Federal Rule of Civil Procedure 8); Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004)

(clarifying <u>Alston</u>, a complaint must plead facts sufficient at least to "suggest" a basis for liability).

**D.    <u>Plaintiff's Remaining Claims Will Be Dismissed</u>**

    1.   <u>Claims Against Private Persons and Newspaper</u>

Plaintiff seeks to sue Christopher Scoonhoven (docketed as "Lawrence Scoonhoven") a private citizen, and the Trenton Times newspaper.

"Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law." <u>Mark v. Bor. of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. <u>See Mark</u>, 51 F.3d at 1141 (citing <u>United States v. Price</u>, 383 U.S. 787, 794 n.7 (1966); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 928 (1982); <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. <u>Mark</u>, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State

itself.'"  Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes, 398 U.S. at 170-171; (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity.  Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

Plaintiff does not allege any facts indicating that either of these defendants are state actors or otherwise acted under color of state law.[1]  See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of

---

[1]  Liberally construing the instant complaint, Plaintiff seeks to assert a state law defamation claim against defendant Trenton Times.  This Court declines to exercise supplemental jurisdiction over that claim in this proceeding.  However, Plaintiff may raise his state law claims in state court should he desire to do so.  This Court makes no findings as to whether any state law claim would succeed.

Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . .
have no right to be free from infliction of [constitutional] harm
by private actors"); Jones v. Arbor, Inc., 820 F.Supp. 205, 208
(E.D. Pa. 1993) (plaintiff did not allege defendant corporation
was state actor or had such symbiotic relationship with state so
as effectively to be instrumentality of state).  Therefore, these
claims and defendants will be dismissed from this action.

 2. Claims against Public Defender and Judge

 Plaintiff seeks to sue defendant Karin Coger, an attorney
with the public defender's office, and defendant Darlene
Pereksta, a New Jersey Superior Court judge, for violations of
his constitutional rights.

 Plaintiff's claims against the judge are subject to dismissal
because judges are entitled to absolute immunity from suit under
§ 1983.  See Mireles v. Waco, 502 U.S. 9 (1991) (holding judges
entitled to absolute immunity from § 1983 suits based on actions
taken in their official judicial capacity).  Further, public
defenders are not "state actors" for purposes of § 1983.  Defense
counsel, whether they are court-appointed public defenders or
privately-retained attorneys, do not act under color of state law
when representing their clients.  See Polk County v. Dodson, 454
U.S. 312, 325 (1981) (holding that public defenders do not act
under color of state law).  Therefore, these claims and
defendants will be dismissed, with prejudice, from this action.

3.   <u>Claims against Detective Chester</u>

Plaintiff claims that Detective Chester violated his civil rights by falsifying police reports, failing to properly investigate his case, and conspiring to have him arrested.  In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  <u>Id.</u> at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

<u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that
> relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal

judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that

"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  Id. at 489-90.

To the extent Plaintiff seeks damages arising from the

allegedly unlawful actions of this defendant, and if, as pleaded

by Plaintiff, evidence was illegally obtained and should have
been excluded at trial, a judgment in Plaintiff's favor on these
claims necessarily would imply the conviction's invalidity.
Thus, based upon the facts as pleaded, these claims are barred by
<u>Heck</u> until such time as the conviction is otherwise invalidated.
Therefore, these claims will be dismissed, without prejudice, for
failure to state a claim upon which relief may be granted.

    4.  <u>Claims Against Lawrence Township Police Department</u>

    The Lawrence Township Police Department is not a local
government unit that can be sued under § 1983 pursuant to <u>Monell
v. Dep't of Social Services of City of New York</u>, 436 U.S. 658,
688-90 (1978).  This Court will construe the complaint as naming
the Township of Lawrence, a local governmental unit, as a
defendant.  <u>See</u> <u>DeBellis v. Kulp</u>, 166 F.Supp.2d 255, 264 (E.D.
Pa. 2001) (collecting cases and stating that police departments
cannot be sued in § 1983 because it is "merely an administrative
arm of the local municipality, and is not a separate judicial
entity.").  <u>See</u> <u>also</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991) (§
1983 suit against governmental officer in official-capacity
represents another way of pleading an action against the entity
of which officer is an agent); <u>Brandon v. Holt</u>, 469 U.S. 464
(1985) (treating § 1983 action that was brought against city's
director of police department as action against the city where
city had notice); <u>Bonenberger v. Plymouth Twp.</u>, 132 F.3d 20, 25

11

n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

But local government units and supervisors are not liable under § 1983 solely on a theory of <u>respondeat</u> <u>superior</u>.  <u>See</u> <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. N.Y. City Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Corr. Fac.</u>, 318 F.3d 575, 583-84 (3d Cir. 2003). In this case, Plaintiff does not allege facts indicating that municipal liability should attach against this defendant. Therefore, these claims will be dismissed.

    5.  <u>Claims Against Mercer County Correctional Center</u>

Although docketed as defendant Mercer County Correctional Center, a review of the complaint reveals that Plaintiff wishes to name "Crystal James" as a defendant.  Regardless of Plaintiff's intent to name a certain defendant, the claims do not allege facts indicating that they should proceed past the screening stage.[2]

---

    [2]  Further, the claims against defendant correctional center are subject to dismissal because jail facilities are not "persons" for purposes of § 1983.  <u>See</u> <u>Grabow v. S. State Corr. Fac.</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F.Supp. 271, 274 (D.C. Pa. 1976).

Plaintiff asserts that he has been detained unlawfully without medical attention, and that he is placed "in continuous harms way, night and day taking from my energy source my diet my rest my lifestyle my intellectual properties and my productive time and management."  (Compl., 4b).  In particular, he claims that his legal mail is sent back, he is not allowed to have x-rays or other medical testing, he was placed in handcuffs, and housed with convicted criminals.

Plaintiff has not alleged sufficient facts to indicate either a medical care claim, a due process claim, or an access to courts claim.  As to his claim that he is not permitted certain medical tests, Plaintiff has not alleged facts indicating that he has any injury warranting such treatment.  See Bell v. Wolfish, 441 U.S. 520, (1979); Estelle v. Gamble, 429 U.S. 97, 103-06 (1976).  He also has not alleged facts indicating he is being "punished" in violation of the due process clause.  See Bell, 441 U.S. at 535-39.  Also, Plaintiff has not indicated that he has suffered "actual injury" to sustain an access to courts claim.  See Lewis v. Casey, 518 U.S. 348-51, 354-55 (1996).  Finally, Plaintiff has not asserted that the named defendant, Crystal James, is responsible for these alleged violations of his civil rights.[3]

_____

[3]  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v.

13

Plaintiff may be able to allege additional facts to cure the deficiencies in these claims.  Thus, he will be permitted to file an amended complaint in accordance with Federal Rule of Civil Procedure 15.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to § 1915(e)(2)).

## CONCLUSION

For the foregoing reasons, Plaintiff's excessive force claims against defendants Longo and Loveless will be permitted to proceed.  The claims against defendants Chester and James will be dismissed, without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  All other claims will be dismissed, with prejudice.  The Court will issue an appropriate order.

         s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pitts., 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

14